# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE THOMAS, ) | |
| ) | 10-cv-2960 |
| Petitioner. ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| STEPHANIE DORETHY, Warden, ) | |
| Hill Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

In July 2002, an Illinois jury convicted Maurice Thomas of first-degree murder. Thomas, proceeding pro se, petitions for a writ of habeas corpus[1] on several grounds: 1) the trial court erred in refusing to instruct the jury on involuntary manslaughter; 2) the trial court also erred in refusing to suppress Thomas's involuntary confession; and 3) his trial counsel was ineffective both for failing to argue that a learning disability rendered Thomas's confession voluntary and for failing to request the trial court to ask potential jurors certain questions about their impartiality. For the reasons stated below, the court denies Thomas's petition.

---

[1] Thomas's petition names Marcus Hardy, the former warden of Stateville Correctional Center, as the respondent. Stephanie Dorethy, the warden of Hill Correctional Center, where Thomas is currently confined, is automatically substituted. Fed. R. Civ. P. 25(d); Section 2254 R. 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held.").

1

**BACKGROUND**

On October 10, 1999, Thomas, along with several other men, attacked Demetrius Thomas, who is unrelated to the petitioner. *People v. Thomas*, No. 1-02-2907, 867 N.E.2d 120 (Ill. App. Ct. Apr. 29, 2004) (table). Two months later, Demetrius died of his injuries.

Prior to trial, Thomas moved to suppress a written confession, arguing that he did not make it voluntarily. The trial court held an evidentiary hearing, at which multiple police officers, a state prosecutor, and Thomas all testified. Thomas testified that police officers informed him of his rights but that they denied his request to make a phone call and that one officer slapped Thomas several times. The trial court denied Thomas's suppression motion, finding that Thomas's confession was voluntary.

Illinois charged Thomas with first-degree murder under an accomplice-liability theory. At the close of trial, the trial court denied Thomas's request to instruct the jury on involuntary manslaughter. The jury convicted Thomas, and the trial court sentenced Thomas to 32 years of imprisonment.

The Illinois Appellate Court affirmed Thomas's conviction. First, the state appellate court found that Thomas's confession was voluntary. The state court determined that police officers repeatedly advised Thomas of his *Miranda* rights, and it also found Thomas not credible in stating that police struck him and denied him access to a phone.

Further, the state appellate court concluded that Thomas's trial counsel was not ineffective for failing to request that the trial court ask the venire certain questions relating to impartiality. The state court found that even if trial court should have made such a request, Thomas suffered no resulting prejudice because the trial court sufficiently questioned the venire

about impartiality. Additionally, the state appellate court held that the evidence presented did not warrant an involuntary manslaughter instruction under Illinois law.

On October 6, 2004, the Illinois Supreme Court denied Thomas leave to appeal. *People v. Thomas*, No. 98673, 823 N.E.2d 976 (Ill. Oct. 6, 2004). The trial court denied Thomas's petition for post-conviction relief, and the Illinois Appellate Court again affirmed. *People v. Thomas*, No. 1-04-2038, 929 N.E. 2d 170 (Ill. App. Ct. Nov. 8, 2006). The appellate court held that Thomas's trial counsel was not ineffective for failing to argue that a learning disability rendered Thomas's confession involuntary. The Illinois Supreme Court again denied Thomas leave to appeal, *People v. Thomas*, No. 103861, 919 N.E.2d 363 (Ill. Sept. 30, 2009), and denied reconsideration.

**STANDARD OF REVIEW**

Federal courts may grant habeas relief only on the ground that an inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A court may not grant a habeas petition for "any claim that was adjudicated on the merits in State court proceedings" unless the state proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). The "unreasonable application" clause authorizes federal courts to grant the writ when a "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). For a federal court to grant habeas relief, the state-court application of federal law must be "objectively unreasonable." *Id.*

3

**DISCUSSION**

*1. Involuntary-Manslaughter Instruction*

First, Thomas claims that the state court's refusal to instruct the jury on involuntary manslaughter violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. This claim fails because Thomas cannot point to any "clearly established [f]ederal law" requiring a trial court to instruct the jury on a lesser included offense in a non-capital case. § 2254(d)(1).

Instructing a jury on a lesser offense benefits the prosecution because it can afford the state a conviction when the evidence cannot establish the crime charged or when the jury is reluctant to convict on the harshest charge; this practice also benefits the defendant in that "it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." *Beck v. Alabama*, 447 U.S. 625, 633, (1980). A lesser-included-offense instruction provides the jury with a valuable "third option." *Id.* at 634. For this reason, Illinois, like a number of other states, authorizes a trial judge to instruct on a lesser included offense if a rational view of the evidence supports the instruction. *People v. Ceja*, 789 N.E.2d 1228, 1247 (Ill. 2003); *see Beck*, 447 U.S. at 636 n. 12 (collecting state cases). In homicide cases, Illinois authorizes an involuntary manslaughter instruction only when credible evidence establishes that a defendant recklessly caused another's death. *People v. Young*, 618 N.E.2d 1026, 1040 (Ill. 1993). The corollary is that a trial court need not instruct on involuntary manslaughter when the evidence establishes that a defendant acted voluntarily or willfully. *Id.*

Federal courts may grant habeas relief only on the basis of federal law that has been clearly established by the Supreme Court. § 2254(d)(1). The Supreme Court, however, has

never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case. *See Beck*, 447 U.S. at 638 n.14. Simply put, "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir.1990) (en banc)). What is determinative, at any rate, is that the Supreme Court has never so held.

Here, the State charged Thomas with first-degree murder. Habeas relief is available to Thomas only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Because the Supreme Court has never held that due process requires lesser-included-offense instructions in a non-capital case, Thomas's claim rests on no such federal ground. Therefore, his claim fails.

*2. Voluntariness of Thomas's Confession*

Second, Thomas claims that the trial court erred in refusing to suppress his written confession because he made it involuntarily. The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. A defendant's self-incriminating "statement during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived *Miranda* rights when making the statement." *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (internal quotation and alteration marks omitted). A voluntary confession must both be "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and it must be "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). In order to determine whether a confession is voluntary, federal courts must assess the "particular

5

facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *North Carolina v. Butler*, 441 U.S. 369, 374 (1979); *accord Moran*, 475 U.S. at 421.

On habeas, Thomas argues that his waiver of *Miranda* rights was involuntary because of his low education level, his history of drug use, the length and frequency of the police interrogations, and his detention in an interview room. The Illinois Appellate Court considered and rejected these arguments. The state court determined that Thomas's prior drug use and his education did not affect his ability to understand the English language or his legal rights. The court also found that repeated, forty-five-minute questioning sessions did not render Thomas's statement involuntary. Similarly, the state court noted that Thomas was not deprived of sleep, food, or restroom access during his detention. During Thomas's direct appeal, he also argued that his confession was involuntary because a police officer slapped him during questioning and because police denied him access to a phone to call an attorney. The Illinois Appellate Court rejected these arguments because it determined that Thomas's statements, contradicted by several other witnesses, were not credible. Before this court, Thomas raises similar arguments to those presented to the state court, but he offers no reason to believe that the state court's holding is an unreasonable application of Supreme Court precedent.

*3. Ineffective Assistance of Counsel*

Thomas also contends that his trial counsel was ineffective for failing to argue that Thomas had a learning disability at his suppression hearing and for failing to request that the court ask the venire certain questions about impartiality. Because the Illinois Appellate Court

did not unreasonably decide that Thomas received effective assistance of counsel, the court denies habeas relief on this claim.

Under federal law, to establish ineffective assistance of counsel, a criminal defendant must first show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). This inquiry looks at whether trial counsel fell below the standard of a competent attorney. *See id.* at 688–91. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, to succeed on an ineffective assistance claim, a criminal defendant must show that counsel's ineffectiveness prejudiced him. *Id.* at 692. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. It is very difficult for a defendant to surmount *Strickland*'s high bar. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1404–08 (2011) (rejecting defendant's ineffective-assistance claim even when counsel failed to investigate at all before a penalty-phase hearing that resulted in a death sentence); *see also Bobby v. Van Hook*, 558 U.S. 4, 9–13 (2009) (rejecting defendant's ineffective assistance claim based on counsels' failure to investigate more thoroughly and present more mitigating evidence).

On habeas, a federal court's review of a state court's determination that a criminal defendant received effective assistance is particularly deferential. Habeas courts do not apply *Strickland* directly. Rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Were federal courts to apply *Strickland* directly, "the analysis would be no different than if, for example, [this court] were adjudicating a *Strickland* claim on direct review of a criminal

7

conviction in a United States district court." *Id.* The combination of the highly deferential standards of *Strickland* and of § 2254(d) results in "doubly deferential judicial review." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In this case, the Illinois Appellate Court did not unreasonably apply the federal ineffective assistance standard. Thomas argues that his lawyer was ineffective for failing to invoke a specific state rule that directs the trial court to ask the venire certain questions about impartiality. In deciding Thomas's direct appeal, the state appellate court noted that the trial court sufficiently advised jurors about impartiality principles before voir dire and after closing arguments. The state court did not find anything in the record to indicate that either the veniremen or jurors harbored any unusual bias that would require invoking the specific state rule cited by Thomas. The appellate court concluded that Thomas suffered no prejudice from his counsel's failure to invoke the state rule desired by Thomas. Based on the record, the state appellate court reasonably concluded that Thomas's counsel was not ineffective for this reason.

The state appellate court reasonably determined, in accordance with the *Strickland* standard, that Thomas failed to show a reasonable probability that the outcome of the trial would have been different if Thomas's counsel had pursued an argument that a learning disability rendered the confession involuntary. Thomas's own testimony at the suppression provided sufficient evidence for the trial court to assess his comprehension. The state court held that even if Thomas had a learning disability, he could not show a reasonable probability that the outcome of the suppression hearing would have been different. Because this conclusion was not unreasonable, Thomas cannot obtain habeas relief on this ground.

**CERTIFICATE OF APPEALABILITY**

A habeas petitioner may not appeal a final order unless a court issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To obtain a COA for a claim denied on the merits, a habeas petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner satisfies the § 2253(c)(2) standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Because the claims at issue do not satisfy this standard, the court denies a COA on all claims.

**CONCLUSION**

Under 28 U.S.C. § 2254(d), Thomas's petition for a writ of habeas corpus cannot succeed on any of the grounds asserted. No clearly established federal law required the state court to instruct the jury on the lesser included offense of involuntary manslaughter. The state court did not unreasonably determine that Thomas's confession was voluntary, and it did not unreasonably apply the *Strickland* standard. Accordingly, the court denies the petition on all claims and also denies a certificate of appealability on all claims.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: November 17, 2014